UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 3:14CR 45 (JCH) |
| | : | |
| | : | VIOLATIONS: |
| | : | |
| v. | : | 18 U.S.C. § 1349 (Conspiracy) |
| | : | |
| MOHAMMED N. ISLAM | : | |
| | : | |

## INFORMATION

The United States Attorney charges:

### COUNT ONE
### (Conspiracy – 18 U.S.C. § 1349)

### The Conspiracy

1. From approximately 2006 to June 2013, in the District of Connecticut and elsewhere, the defendant MOHAMMED N. ISLAM, ("ISLAM") did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with others, both known and unknown to the United States Attorney, to commit an offense against the United States as follows:

   a. To devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343; and

   b. To devise and intend to devise a scheme and artifice to defraud a financial institution, and for the purpose of obtaining money and property owned by, or under the custody and control of, a financial institution, did knowingly execute and attempt to execute a scheme and artifice to defraud by means of material false and

fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

## Purpose of the Conspiracy

2.   A purpose of the conspiracy was for ISLAM and his co-conspirators to enrich themselves by obtaining millions of dollars in real estate mortgages through the use of materially false loan applications, real estate mortgage loan documents, and HUD-1 forms, and to conceal the conspiracy from others.

## Manner and Means of the Conspiracy

The manner and means by which ISLAM and his co-conspirators sought to accomplish and did accomplish the objects of the conspiracy included the following:

3.   It was part of the conspiracy that ISLAM'S and one or more co-conspirators sought to purchase dozens of single and multi-family properties in Bridgeport, Norwalk and Stamford, Connecticut.

4.   It was part of the conspiracy that ISLAM and one or more of his co-conspirators would and did apply for mortgages from mortgage lenders and from financial institutions the deposits of which are insured by the Federal Deposit Insurance Corporation, (together, "Lenders") to purchase such properties.

5.   It was further part of the conspiracy that an attorney licensed to practice law in Connecticut served as the closing attorney for more than eighty (80) real estate transactions, including numerous real estate transactions in which ISLAM was directly involved.

6.   It was further part of the conspiracy that ISLAM and his co-conspirators made, or caused to be made, materially false statements in the borrowers' loan applications, HUD-1 forms,

and other documentation submitted to the Lenders in order to obtain financing.

7. It was further part of the conspiracy that, in multiple transactions, the HUD-1 form ISLAM and his co-conspirators submitted or caused to be submitted to the Lenders indicated that the borrowers paid funds at closing when, as he and his co-conspirators well knew, the borrowers paid no such funds at closing.

8. It was further part of the conspiracy that, in multiple transactions, the HUD-1 forms ISLAM and one or more of his co-conspirators submitted to the Lenders intentionally disguised the actual disbursements of the Lenders' funds, disguised the source of funds being paid by the borrowers in the transactions, and failed to disclose that, on certain transactions, no such funds were provided by the borrowers.

9. It was further part of the conspiracy that, in multiple transactions, many of the borrowers were in fact "straw" buyers, acting on behalf of the true buyer, who maintained complete control over the property and received all rental income.

10. It was further part of the conspiracy that ISLAM and his co-conspirators would and did cause wire transmissions to be sent from accounts held by Lenders outside the District of Connecticut to accounts held within the District of Connecticut as part of mortgage loan transactions.

11. It was further part of the conspiracy that ISLAM and his co-conspirators would and did distribute the proceeds of mortgage loans obtained as part of the scheme other than as represented on numerous Form HUD-1s submitted to mortgage lenders by or at the direction of ISLAM.

## OVERT ACTS

12. In furtherance of the conspiracy and to effect the illegal objects of the conspiracy, the defendant ISLAM and his co-conspirators committed the following overt acts, among others, in the District of Connecticut and elsewhere:

   a. On or about January 5, 2007, ISLAM prepared or directed the preparation of a mortgage loan application containing materially false information that he then directed a straw buyer to sign in order for the straw buyer to obtain a mortgage loan from Wells Fargo Bank in the amount of $624,000.

   b. On or about August 7, 2007, ISLAM directed a straw buyer to purchase this property, using proceeds from a mortgage loan in the amount of $620,000 from Indymac Bank, FSB.

   c. On or about August 7, 2007, ISLAM prepared or directed the preparation of a mortgage loan application containing materially false information that he then directed a straw buyer to sign in order for the straw buyer to obtain a mortgage loan from Indymac Bank, FSB in the amount of $620,000.

   d. On or about March 18, 2010, ISLAM directed a straw buyer to purchase real property in Stamford, Connecticut through a short sale transaction approved by Suntrust Mortgage Company. The seller in the short sale transaction was another straw buyer who acted at the direction of ISLAM when he or she purchased the real property.

All in violation of Title 18, United States Code, Section 1349.

FORFEITURE ALLEGATION UNDER 28 U.S.C. § 2461(c) & 18 U.S.C. 981(a)
(Wire Fraud and Bank Fraud)

Upon conviction of one or more of the wire fraud or bank fraud offenses alleged in Count One of this Information, defendant MOHAMMED N. ISLAM, a/k/a "Tanveer" shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1343 or 18 U.S.C. § 1344, including but not limited to the following:

    (a)    The following real property parcels of property:

        (1) 46 Fairfield Avenue, Stamford, Connecticut

        (2) 15 Hanover Street, Stamford, Connecticut

        (3) 83 Orange Street, Stamford, Connecticut

        (4) 34 Ranson Street, Stamford, Connecticut

        (5) 9 Sherman Street, Stamford, Connecticut

        (6) 96-98 Beechwood Avenue, Bridgeport, Connecticut

        (7) 307-309 Dover Street, Bridgeport, Connecticut

        (8) 407 Logan Street, Bridgeport, Connecticut

        (9) 260-264 Pearl Harbor Street, Bridgeport, Connecticut

        (10) 420-422 Jane Street, Bridgeport, Connecticut

If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be

divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

All in accordance with Title 18, United States Code, Section 981(a)(1) as incorporated by Title 28, United Stated Code, Section 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

UNITED STATES OF AMERICA

*[signature]*
MICHAEL J. GUSTAFSON
ACTING UNITED STATES ATTORNEY

*[signature]*
ANN M. NEVINS
ASSISTANT UNITED STATES ATTORNEY

*[signature]*
JOHN W. McREYNOLDS
SPECIAL ASSISTANT U.S. ATTORNEY